UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARL E. WATSON, I,

    Plaintiff,

v.

CHRISTOPHER M. WOLPERT,

    Defendant.

Case No. 24-1066-HLT-BGS

### **REPORT & RECOMMENDATION OF DISMISSAL**

On April 17, 2024, Plaintiff Carl Watson filed a Complaint naming Christopher Wolpert of the United States Tenth Circuit Court as Defendant. (Doc. 1.) Plaintiff, who contends he has "multiple disabilities," alleges he was refused the accommodation of an extension to file a brief by Defendant. (*See generally id.*) Plaintiff paid the filing fee but did not request summons be issued by the Clerk. As such, summons has not been issued. Further, there is no indication that Plaintiff ever attempted to serve the Complaint upon Defendant.

The undersigned Magistrate Judge thus entered a Notice and Order to Show Cause directing Plaintiff to show cause in writing by August 26, 2024, why the Court should not recommend to the District Court that the claims against Defendant be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) and/or Rule 41(b). Pursuant to Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Additionally, Fed. R. Civ. P. 41(b) provides that the court may dismiss an action for failure to prosecute.

Here, summons has not been issued (nor has Plaintiff requested that it be issued) and Plaintiff has not effectuated, or attempted to effectuate, service of process on Defendant. Pursuant to Rule 4(m), more than 90 days have passed since the Complaint was filed on April 17, 2024, and no action has otherwise been taken by Plaintiff to prosecute the case. To date, Plaintiff has not responded to the Court's Notice and Order to Show Cause, despite the August 26, 2024, deadline. There has been no further activity in the case. No motions or additional pleadings have been filed by Plaintiff. There has been no indication that Plaintiff has even attempted to serve Defendant.

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's Complaint (Doc. 1), be **dismissed without prejudice** for failure to timely serve Defendant and failure to comply with this Court's Order.

**IT IS ORDERED** that a copy of the recommendation shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and D. Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO RECOMMENDED**.

Dated September 5, 2024, at Wichita, Kansas.

/s/ Brooks G. Severson
Brooks G. Severson
U.S. Magistrate Judge